# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA LEE HOSKINS, #R54570, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-00620-GCS |
| ) | |
| NATHAN CHAPMAN, ) | |
| MICHAEL BARTOLOTTI, ) | |
| JESSE REID, S. BROWN, ) | |
| LORI PATTERSON, MR. BLAYLOCK, ) | |
| NICHOLAS PESTKA, TODD SCHLOTT, ) | |
| C. HECK, A. RODMAN, DAVID BROCK, ) | |
| CHAD WALL, W. SHIRLEY, ) | |
| D. HERMANN, MICHAEL BAILEY, ) | |
| ERIC WANGLER, PHILLIP BAKER, ) | |
| JUSTIN JURKOWSKI, ) | |
| MATTHEW JOHNSON, ) | |
| JAMES BELFORD, MARK A. BELL, ) | |
| MR. HANKINS, BRANDON LUEKER, ) | |
| JANA RUETER, MS. CACIOPPO,[1] ) | |
| MR. BRYANT, KALE LIVELY, ) | |
| CHAD ADAMS, JOSEPH DUDEK, ) | |
| SETH MERACLE, AUSTON HAGSTON, ) | |
| JAMES GROVE, ROBERT TOMSHACK, ) | |
| PATRICK PEEK, MR. BERRYHILL,[2] ) | |
| ROBERT OLEARY, SCOTT PETITJEAN, ) | |
| STEVEN MUMBOWER, MR. PORTER, ) | |
| MR. SUMMERS, G. HALE, ) | |
| MR. WANACK, MR. SPILLER, ) | |
| TREG VANDEKERKHOVE, ) | |
| CHARLES SWISHER, MR. MILLER, ) | |
| DANIEL J. HARRISS, MR. FRANK, ) | |
| MR. BOWLES, MR. URASKI, ) | |
| MR. VAUGHN, and MR. RICH, ) | |
| ) | |
| Defendants. ) | |

---

[1]    Ms. Cacioppo's name is misspelled on the docket as "Cacloppo." (Doc. 1, p. 5). The Clerk will be directed to correct the name.

[2]    Plaintiff's motion at Doc. 18 states that Berryhill's actual name is "Newbury." The Court will direct the Clerk to substitute the correct name.

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Joshua Lee Hoskins, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Dixon Correctional Center ("Dixon"), brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights that occurred while he was housed at Pinckneyville Correctional Center ("Pinckneyville"). He asserts that between June 2, 2020, and April 18, 2021, he was denied dental care by Chapman (the prison dentist). He further alleges that other Defendants retaliated against him for prior grievances by destroying his sick call slips and grievances to prevent his requests for dental treatment from reaching health care providers.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A,[3] which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b).

**THE COMPLAINT**

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff had a lower left tooth with a cavity that needed to be filled. (Doc. 1, p. 63). Defendants Bartolotti,

---

[3]  The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc. ("Wexford"), the employer of prison medical/dental providers, to the exercise of magistrate judge jurisdiction, as set forth in the Memoranda of Understanding between this Court and the Illinois Department of Corrections and Wexford.

Reid, Brown, Patterson, Blaylock, Pestka, Schlott, Heck, Rodman, Brock, Wall, Shirley, Hermann, Bailey, Wangler, Belford, Baker, Jurkowski, Johnson, Bell, Hankins, Lueker, Rueter, Cacioppo, Bryant, Lively, Adams, Hale, Dudek, Meracle, Hagston, Grove, Tomshack, Peek, Berryhill, Oleary, Petitjean, Mumbower, Wanack, Porter, Summers, Harriss, Vandekerkhove, Swisher, Spiller, Miller, Bowles, Uraski, Vaughn, Rich, and Frank told Plaintiff they were aware he had a cavity and they were going to make him lose the tooth instead of allowing him to get a filling. (Doc. 1, p. 63-64). These Defendants told Plaintiff they had made sure his sick call slips were intercepted and destroyed so that Chapman would not treat his tooth. The Defendants further took these actions because Plaintiff had filed grievances and lawsuits against Pinckneyville staff.

Plaintiff saw Chapman in October 2020 when his lower left tooth was bleeding, swollen, decayed, and painful. Chapman told Plaintiff he was going to leave the tooth in that condition because Plaintiff had filed grievances against him and complained to mental health staff about his dental issues. (Doc. 1, p. 63). Chapman had known since June 2020 that Plaintiff needed dental care because other prison employees[4] had informed Chapman of Plaintiff's condition, but Chapman ignored his needs. (Doc. 1, p. 63-64). Because of Chapman's conduct, Plaintiff had no dental care from June 2, 2020, until May 7, 2021. (Doc. 1, p. 65).

Officer Rodman told Plaintiff that if he saw Plaintiff leaving from a dental or health care visit with blister packs of antibiotics, Tylenol, or ibuprofen, he would instruct other

---

[4]  Ms. Knight, B. Johnson, Ms. Walla, and Nurse Long (Doc. 1, p. 63) are not named as Defendants in this action.

officers to confiscate the medication and would have them issue Plaintiff a false disciplinary ticket.[5] (Doc. 1, p. 64).

Patterson (a nurse) told Plaintiff on March 29, 2021, that she had instructed Chapman in January and February 2021 not to prescribe Plaintiff any antibiotics or pain relievers so he would continue to suffer. (Doc 1, p. 65). Chapman had given Plaintiff a short course of Tylenol, but he experienced tooth and gum pain and swelling for a lengthy period of time. *Id.*

Reid and Brown (Counselors) admitted to Plaintiff that they had destroyed his grievances (after taking them from the desks of Counselors Mercier and Hale, who are not named as Defendants herein) so the grievances would not be logged or processed, in order to prevent Plaintiff from getting dental care and because Plaintiff was known to file grievances and lawsuits. (Doc. 1, p. 11, 65). Reid and Brown also sought to have Counselor Hallman (who is not a Defendant) falsify information in the grievance records. (Doc. 1, p. 65). Bartolotti, Berryhill, Heck, Pestka, Blaylock, Rodman, Bailey, and other Defendants admitted they participated in Reid's and Brown's destruction of Plaintiff's grievances to prevent Plaintiff from getting dental treatment. (Doc. 1, p. 65).

On April 18, 2021, Plaintiff was transferred to Dixon, where a dentist pulled the problem tooth on May 7, 2021, because a filling could not repair it. (Doc. 1, p. 65).

Plaintiff seeks monetary damages. (Doc. 1, p. 66).

---

[5] Plaintiff does not allege that any medication was confiscated by Rodman or any other Defendant, nor does he claim that he received a false ticket.

DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

**Count 1:** **Eighth Amendment claims against Bartolotti, Reid, Brown, Patterson, Blaylock, Pestka, Schlott, Heck, Rodman, Brock, Wall, Shirley, Hermann, Bailey, Wangler, Baker, Jurkowski, Johnson, Belford, Bell, Hankins, Lueker, Rueter, Cacioppo, Bryant, Lively, Adams, Dudek, Meracle, Hagston, Grove, Tomshack, Peek, Newbury (misidentified as Berryhill), Oleary, Petitjean, Mumbower, Porter, Summers, Hale, Wanack, Spiller, Vandekerkhove, Swisher, Miller, Harriss, Frank, Bowles, Uraski, Vaughn, and Rich for their deliberate indifference to Plaintiff's serious medical need for treatment of his painful tooth.**

**Count 2:** **Eighth Amendment claim against Chapman for deliberate indifference to Plaintiff's serious medical need for treatment of his painful tooth.**

**Count 3:** **First Amendment claims against Bartolotti, Reid, Brown, Patterson, Blaylock, Pestka, Schlott, Heck, Rodman, Brock, Wall, Shirley, Hermann, Bailey, Wangler, Baker, Jurkowski, Johnson, Belford, Bell, Hankins, Lueker, Rueter, Cacioppo, Bryant, Lively, Adams, Dudek, Meracle, Hagston, Grove, Tomshack, Peek, Newbury (misidentified as Berryhill), Oleary, Petitjean, Mumbower, Porter, Summers, Hale, Wanack, Spiller, Vandekerkhove, Swisher, Miller, Harriss, Frank, Bowles, Uraski, Vaughn, and Rich for intercepting and destroying Plaintiff's sick call slips and grievances in order to prevent him from obtaining dental care, in retaliation for Plaintiff's grievance and litigation activity.**

**Count 4:** **First Amendment claim against Chapman for refusing to provide Plaintiff with dental care and pain relief, in retaliation for Plaintiff's grievances/complaints against Chapman.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is

mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").[6]

### Counts 1 and 2

Prison staff and medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* At this stage, the allegations of deliberate indifference are sufficient to proceed against Chapman, the prison dentist, as well as against the other Defendants, who acted to prevent Plaintiff from obtaining dental care when they knew his tooth needed attention.

### Counts 3 and 4

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005, 1008-09 (7th Cir. 2002).

---

[6] The allegations that Rodman threatened to confiscate Plaintiff's medication and to issue a false disciplinary ticket against him do not state cognizable claims because Plaintiff does not claim that these threats were carried out or that the threats caused him harm. *See Beal v. Foster*, 803 F.3d 356, 357-358 (7th Cir. 2015). These issues will not be considered further.

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Here, Plaintiff claims that Chapman refused to care for his dental needs because Plaintiff had made complaints against him to other staff and filed grievances against Chapman. The other Defendants allegedly took actions to prevent Plaintiff's sick call slips and grievances[7] from reaching their destinations so that Plaintiff would not get dental care, also in retaliation for Plaintiff's exercise of his First Amendment rights. These claims will receive further consideration.

## PENDING MOTIONS

Plaintiff filed a "Motion for the Court to Attempt Service on Correct Name of an [sic] Defendant & Consider During Merit Review" (Doc. 18), which the Court construes as a motion to substitute Defendant. Plaintiff learned that "Berryhill" is a nickname and the Defendant's correct name is "Newbury." Defendant Newbury will therefore be substituted for Berryhill.

Plaintiff's Motion for an [sic] Substitute Magistrate Judge Showing Cause (Doc. 20) is **DENIED**. Plaintiff states that the instant case involves ongoing conduct by Defendant Chapman after Plaintiff filed a related case, *Hoskins v. Chapman*, Case No. 20-cv-508-GCS (S.D. Ill. dismissed Feb. 24, 2022). Plaintiff believes that because the undersigned

---

[7] Ordinarily, a grievance officer's or counselor's mishandling or destruction of grievances does not amount to a constitutional claim. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). However, because Plaintiff alleges such actions were taken in retaliation for his protected activity, the First Amendment claims in Count 3 related to grievances will proceed at this early stage.

dismissed Case No. 20-508 on Chapman's motion for summary judgment and had earlier denied Plaintiff's motion for preliminary injunctive relief in that case, the undersigned will make the "same ruling" in the instant case. (Doc. 20, p. 1-2).

The Court construes Plaintiff's motion as a motion for recusal. A federal judge must recuse himself in two situations: if his "impartiality might reasonably be questioned" under 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party" under 28 U.S.C. § 455(b)(1).[8]

As for § 455(a), the standard is "whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). In *Hook v. McDade*, 89 F.3d 350 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." *Id.* at 354. It is well established that, "unless there are exceptional circumstances, judicial rulings are grounds for appeal, not disqualification." *Id. at* 355.

Under § 455, a judge must recuse himself if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). To disqualify a judge under this provision, the party must prove bias "by compelling evidence" and "[t]he bias or prejudice must be grounded in some personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes."

---

[8] Recusal may also be sought by filing an affidavit pursuant to 28 U.S.C. § 144 demonstrating that the presiding judge has a personal bias or prejudice; Plaintiff has filed no affidavit in this instance. The "personal bias or prejudice" language in § 144 has the same meaning as the phrase found in 28 U.S.C. § 455(b)(1). *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985), overruled on other grounds by *Fowler v. Butts*, 829 F.3d 788, 793 (7th Cir. 2016).

*Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (internal quotation marks omitted).

Plaintiff's motion does not meet either standard. The only ground for his request is his disagreement with the undersigned's rulings in another case that involves one of the Defendants (Chapman) herein. That is not enough to call a judge's impartiality into question within the meaning of § 455(a). Turning to § 455(b)(1), Plaintiff's motion does not amount to "compelling evidence" of bias or prejudice against him or in favor of an adverse party, nor does it indicate personal animus or malice on the part of the undersigned. The Court's previous rulings do not constitute bias, and the undersigned has no bias or prejudice concerning Plaintiff. Furthermore, the Court notes that Plaintiff's previous case, No. 20-508-GCS, concerned dental issues between the dates of November 2019 and April 2020, while the instant case is based on distinct events that occurred between October 2020 and April 2021.

The motion for substitution of magistrate judge (Doc. 20) does not demonstrate cause for the undersigned to recuse himself. The Court notes that it does not view the motion as a withdrawal of consent to magistrate judge jurisdiction. To the extent that is what Plaintiff intends, Plaintiff should file a motion so stating and the motion will be decided by a District Judge.

Plaintiff's Motion for the Status on Merit Review Order (Doc. 21) is **GRANTED** insofar as the status is reflected herein.

## DISPOSITION

The Clerk of Court is **DIRECTED** to terminate MR. BERRYHILL as a Defendant, and substitute "MR. NEWBURY" in his place, pursuant to the motion at Doc. 18. The Clerk is further **DIRECTED** to correct Defendant Ms. CACLOPPO's name to "CACIOPPO."

**COUNTS 1 and 3** will proceed against **BARTOLOTTI, REID, BROWN, PATTERSON, BLAYLOCK, PESTKA, SCHLOTT, HECK, RODMAN, BROCK, WALL, SHIRLEY, HERMANN, BAILEY, WANGLER, BAKER, JURKOWSKI, JOHNSON, BELFORD, BELL, HANKINS, LUEKER, RUETER, CACIOPPO, BRYANT, LIVELY, ADAMS, DUDEK, MERACLE, HAGSTON, GROVE, TOMSHACK, PEEK, NEWBURY, OLEARY, PETITJEAN, MUMBOWER, PORTER, SUMMERS, HALE, WANACK, SPILLER, VANDEKERKHOVE, SWISHER, MILLER, HARRISS, FRANK, BOWLES, URASKI, VAUGHN, and RICH**. **COUNTS 2 and 4** will proceed against **CHAPMAN**.

The Clerk of Court shall prepare for Defendants **CHAPMAN, BARTOLOTTI, REID, BROWN, PATTERSON, BLAYLOCK, PESTKA, SCHLOTT, HECK, RODMAN, BROCK, WALL, SHIRLEY, HERMANN, BAILEY, WANGLER, BAKER, JURKOWSKI, JOHNSON, BELFORD, BELL, HANKINS, LUEKER, RUETER, CACIOPPO, BRYANT, LIVELY, ADAMS, DUDEK, MERACLE, HAGSTON, GROVE, TOMSHACK, PEEK, NEWBURY, OLEARY, PETITJEAN, MUMBOWER, PORTER, SUMMERS, HALE, WANACK, SPILLER, VANDEKERKHOVE, SWISHER, MILLER, HARRISS, FRANK, BOWLES, URASKI, VAUGHN, and RICH**: (1) Form 5 (Notice of a

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: June 1, 2022.**

Digitally signed by
Judge Sison 2
Date: 2022.06.01
11:35:27 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file Answers to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.